**SO ORDERED.**

**SIGNED this 22nd day of May, 2012.**

_____
LEIF M. CLARK
UNITED STATES BANKRUPTCY JUDGE
_____

# United States Bankruptcy Court

Western District of Texas
San Antonio Division

| | |
|---|---|
| *In re* | BANKR. CASE NO. |
| RICHARD B. COLVIN | 11-51241 |
| *Debtor* | |
| MARY K. VIEGELAHN          *Plaintiff,*   v.   AMEGY MORTGAGE COMPANY, LLC          *Defendant.* | ADV. NO. 12-05018 |

**MEMORANDUM DECISION GRANTING MOTION TO DISMISS**

On February 2, 2012, the Chapter 12 Trustee filed an Adversary Complaint (the "Complaint") in Mr. Colvin's (the "Debtor") bankruptcy case against Amegy Mortgage Company, LLC ("Amegy") seeking a temporary restraining order (to enjoin Amegy from

1

foreclosing on certain property owned by the Debtor), to determine a preferential transfer, to avoid Amegy's lien and for Rule 60(b) relief from this court's order granting Amegy relief from the automatic stay. On February 21, 2012, the court entered an order determining the Trustee's request for a temporary restraining order to be moot as Amegy had already conducted the non-judicial foreclosure on February 7, 2012. On March 5, Amegy filed a Motion to Dismiss the Trustee's Complaint in its entirely for lack of standing, on grounds of *res judicata*, and for failure to state a claim upon which relief may be granted.

In December 2005, the Debtor obtained a loan from Amegy for $708,000.00 (the "2005 Note"). The 2005 Note was secured by a lien and deed of trust on approximately 47.84 acres of land in Kerr County, Texas. Amegy recorded its lien and deed of trust in the real property records of Kerr County. In November 2006, the 2005 Note was renewed and extended (the "2006 Note"). The 2006 Note, in the amount of $988,000.00, paid off the 2005 Note. In connection with the 2006 Note, the Debtor gave Amegy a lien secured by a deed of trust covering 23.1 acres from the original 47.84 acres that had secured the 2005 Note. Amegy recorded the 2006 lien and deed of trust in the real property records of Kerr County.

On January 19, 2007, Amegy executed a Release of Lien and recorded it in the real property records of Kerr County. The Release of Lien, which refers to the 2005 Note and deed of trust covering the entire 47.84 acres, states: "In consideration of the full and final payment of the [2005] Note, Holder of the Note and Lien releases the Property from the lien from any and all other liens against the Property that secured payment of the Note." The Trustee asserts that this Release of Lien released the entire 48 acres, including the 23.1 acres described in the 2006 deed of trust. Amegy, on the other hand, maintains that the Release of Lien released only the lien granted by the Debtor to Amegy as described in the 2005 deed of trust, and "in no way served as a release of any subsequent liens granted to [Amegy] by Debtor as described in the 2006 deed of trust." On February 24, 2011, Amegy filed a "corrected deed of trust" in the Kerr Country real property records. This corrected deed of trust merely added an exhibit "A" to the original 2006 deed of trust. The exhibit "A" contained a metes and bounds description of the 23.1 acre parcel of property covered by the 2006 deed of trust. Amegy asserts that it filed this corrected deed of trust merely to correct a scrivener's error—i.e. the failure to attach exhibit "A" to the originally filed 2006 deed of trust. The Trustee asserts that Amegy filed this corrected deed of trust in an attempt to perfect Amegy's security interest in the same 23 acres that Amegy had released as collateral in January, 2007.

The Trustee argues that the corrected deed of trust may be avoided as either a preferential or fraudulent transfer (under section 547 of the Code and pursuant to the Texas Uniform Fraudulent Transfer Act) because it represents an attempt to create/perfect a lien on property that Amegy had previously released as collateral following satisfaction of the Debtor's debt to Amegy. Alternatively, the Trustee argues that Amegy's lien may be avoided pursuant to section 544(a)(3) of the Code because "Amegy's release of lien and attempt to correct its error by virtue of a Corrected Deed of Trust results in an unperfected security interest such that the Trustee may

2

avoid the lien as a hypothetical Bona Fide Purchaser." The Trustee also seeks an order vacating the June, 2011 agreed order modifying the stay and permitting Amegy to conduct a non-judicial foreclosure on the 23 acre parcel. The Trustee argues that Amegy failed to disclose the Release of Lien in its request for relief from the stay. The Trustee asserts that had the release been disclosed, Amegy would not have obtained relief from the stay. The Trustee alleges that it discovered the Release of Lien after Amegy had already obtained relief from the stay. Thus, the Trustee argues that this newly discovered evidence constitutes grounds, under Rule 60(b), to vacate the agreed order modifying the stay.[1]

Amegy seeks to dismiss the Trustee's complaint for lack of standing, arguing that, by virtue of sections 1202 and 1203 of the Code, only the Debtor in possession may bring chapter 5 avoidance actions. Amegy also seeks to dismiss the Trustee's Rule 60(b) request to vacate the agreed order modifying the stay; Amegy argues that principals of *res judicata* preclude such a request because the Trustee failed to object to Amegy's request for relief from the stay and had at least constructive notice of the 2006 deed of trust.

The Debtor filed for protection under Chapter 12 on April 4, 2011. On June 7, 2011, the court entered an agreed order (executed by Amegy and the Debtor) modifying the stay so as to permit Amegy to conduct a non-judicial foreclosure on the 23.1 acre parcel of land. The Trustee did not object to Amegy's request for relief from the stay. On February 7, 2012, Amegy conducted a non-judicial foreclosure on the 23 acre parcel.

*Discussion*

1. <u>The Trustee's Standing to Bring Avoidance Actions Against Amegy</u>

Amegy argues that the Trustee lacks standing to bring chapter 5 avoidance actions in this Chapter 12 bankruptcy case. Section 1203 of the Code states:

> Subject to such limitations as the court may prescribe, a debtor in possession shall have all the rights, other than the right to compensation under section 330, and powers, and shall perform all the functions and duties, except the duties specified in paragraphs (3) and (4) of section 1106(a), of a trustee serving in a case under chapter11, including operating the debtor's farm or commercial fishing operation.

11 U.S.C. § 1203. *Collier on Bankruptcy* further states that

---

[1] The Trustee also confusingly states that "Amegy's conduct in this matter [failing to disclose the release of lien in its request for relief from the stay] constitutes mistake; inadvertence; misrepresentation or misconduct that justifies relief from the lift stay order under Fed. R. Civ. P. 60." It is not a Rule 60(b) *defendant's* mistake or inadvertence that provides grounds for Rule 60(b) relief; rather it is the *movant's* mistake or inadvertence that may justify relief under Rule 60(b). A *defendant's* fraud or misconduct, on the other hand, may provide grounds for Rule 60(b) relief. Thus, here, either the *Trustee's* mistake or inadvertence, or *Amegy's* fraud or misconduct, may provide grounds for Rule 60(b) relief.

3

> [a]ll of the avoidance powers of chapter 5 of the Code are also vested in the [chapter12] debtor in possession. These include the power to avoid certain transfers and obligations under section 544, statutory liens under section 545, preferential transfers under section 547, fraudulent transfers and obligations under section 548, postpetition transfers under section 549, and improper setoffs under section 553. The debtor in possession also has the authority under section 554 to abandon, after notice and a hearing, any property of the estate that is burdensome or of inconsequential value or benefit to the estate.

8 COLLIER ON BANKRUPTCY, ¶ 1203.02[2] (16th ed. 2011).

By contrast, section 1202 of the Code underscores the limited scope of a Chapter 12 trustee's duties and powers. Specifically, section 1202 provides that a Chapter 12 trustee shall be accountable for all property received by the estate, ensure the debtor performs his intentions under section 521(a)(2)(B), examine and object to proofs of claim, oppose the discharge of the debtor (if appropriate), furnish information regarding the estate to parties in interest, make a final report, appear at certain hearings, and ensure that the debtor commences payments under a confirmed plan. Notably, a Chapter 12 trustee is not directed to investigate the assets, operations or financial condition of the debtor unless specifically ordered to do so by the court. Additionally, a Chapter 12 trustee is not entitled to perform the duties granted to a chapter 12 debtor unless the debtor has been removed as the debtor-in-possession pursuant to section 1204. *See* 11 U.S.C. 1202(b).

In short, it is clear that under section 1203, a Chapter 12 debtor in possession has the authority to bring chapter 5 avoidance actions. *See Miller v. FDIC (In re Miller)*, 428 B.R. 437, 445 (Bankr. N.D. Ohio 2010) (citing 11 U.S.C. § 1203) ("While this provision [section 547] provides standing to only a bankruptcy trustee to bring an action to avoid a preferential transfer, a debtor operating under chapter 12 of the Bankruptcy Code is conferred with the powers of a trustee and is therefore entitled to bring an action to avoid a preferential transfer under § 547(b)."). The question here is whether a Chapter 12 debtor in possession has *exclusive* standing to bring such avoidance actions.

The court found only one case that directly addresses a Chapter 12 trustee's standing to bring avoidance actions. In *Hoeger v. Tiegen (In re Tiegen)*, the bankruptcy court for the District of Montana concluded that a Chapter 12 trustee does not have standing to bring chapter 5 avoidance actions. 123 B.R. 887 (Bankr. D. Mont. 1991). The court reasoned as follows:

> There are two ways in which the Chapter 12 Trustee's ordinary duties are expanded. One is to remove the Chapter 12 Debtor from possession for cause under § 1204, upon which event the Chapter 12 Trustee duties are expanded under § 1202(b)(5) to encompass the duties, among others, of § 1203. Upon this occurrence, the Chapter 12 Trustee will then be granted the avoidance powers

4

> under Chapter 5, described above. The other method is for the Chapter 12 Trustee to seek authority to limit the Chapter 12 Debtor's rights and duties under § 1203, which is prefaced by the proviso, "Subject to such limitation as the court may prescribe[.]"
>
> \*\*\*
>
> If, for example, as the Chapter 12 Trustee charges in the present case, the Debtor-In-Possession refuses to commence avoidance actions to protect creditors because the Debtor willingly participated in such activities, then the Chapter 5 avoidance powers of the Debtor may, upon proper application of the Trustee or creditor, be circumscribed and those powers placed in the Chapter 12 Trustee.
>
> In the pending action, the Chapter 12 Trustee has not sought a Court Order to either investigate the pre-petition activities of the Chapter 12 Debtor under § 1202, restrict the Chapter 12 Debtors [sic] duties and powers under § 1203, remove the Debtor as Debtor-In-Possession under § 1204, or convert this case to Chapter 7 under § 1208. I conclude, based upon the above discussion, that until the Chapter 12 Trustee triggers a Court order authorizing the Trustee, as opposed to the Debtor-In-Possession, to bring this avoidance proceeding, the Chapter 12 Trustee has no standing as a Plaintiff in this cause.

*Id*. at 888-89. This court agrees with the reasoning of *Teigen*. The Chapter 12 Trustee does not have standing to bring the chapter 5 causes of action at issue here. Furthermore, because the property at issue has been claimed as exempt, without objection from the Trustee [*see* Docket No. 50 in the Main Case], even if the Trustee were granted standing to pursue this avoidance action, any benefit from such a suit would inure solely to the benefit of the Debtor rather than the Debtor's estate.

The court need not reach the Trustee's request for relief under Rule 60(b) as that has been rendered moot by the court's conclusion that the Trustee does not have standing to bring chapter 5 avoidance actions. Accordingly, the court will grant Amegy's Motion to Dismiss without prejudice to the Debtor bringing such an action should he so choose.

An order reflecting the court's decision will be entered separately.

###