**SO ORDERED.**

**SIGNED this 28th day of June, 2012.**

_____
**LEIF M. CLARK
UNITED STATES BANKRUPTCY JUDGE**

_____

# United States Bankruptcy Court

Western District of Texas
San Antonio Division

| | |
|---|---|
| *In re* | BANKR. CASE NO. |
| RICHARD B. COLVIN | 11-51241 |
| *Debtor* | |
| MARY K. VIEGELAHN  *Plaintiff,*  v.  AMEGY MORTGAGE COMPANY, LLC  *Defendant.* | ADV. NO. 12-05018 |

**MEMORANDUM DECISION DENYING MOTION TO RECONSIDER**

CAME ON for consideration the foregoing matter. On June 5, 2012, the Chapter 12 Trustee (the "Trustee") filed a Motion to Reconsider Order Granting Motion to Dismiss (the

1

"Motion to Reconsider") [Docket No. 16] and a Brief in Support of her Motion to Reconsider [Docket No. 17]. Amegy Mortgage Company ("Amegy") filed a Response to the Trustee's Motion to Reconsider [Docket No. 18] on June 15, 2012.

*The Pleadings*

In essence, the Trustee argues that the court should reconsider its order granting Amegy's Motion to Dismiss for lack of standing because the confirmed plan in this case preserves the potential preferential transfer claims against Amegy for the benefit of the Debtor's estate. The Trustee asserts that the plan's preservation of these claims impliedly gives the Chapter 12 Trustee the authority to pursue such claims on behalf of the estate. Finally, the Trustee asserts that the validity of the Debtor's claimed exemption in the property at issue in this adversary remains unresolved, as the Trustee's Objection to Exemption (the "Objection") [Docket No. 50] has been abated pending conversion to Chapter 7 or modification of the plan to pay less than 100% of allowed claims. The Trustee maintains that if she were to succeed in her Objection to the Debtor's exemptions, enabling the Trustee to pursue the fraudulent transfer claims at issue in this adversary proceeding could enhance the distribution to creditors.

In its Response to the Trustee's Motion to Reconsider Amegy asserts that the Trustee's motion fails to satisfy the requirements of either Bankruptcy Rule 9023 or 9024. Amegy maintains that the confirmed plan, while preserving the preferential transfer claims against Amegy, says nothing about the Trustee's authority to pursue such claims on behalf of the estate. Amegy further argues that because the Chapter 12 Debtor remains in possession of all property of the estate, and because the Debtor has not been removed from possession for cause under section 1204, and the Trustee has not sought authority from the court to limit the Debtor's rights and duties under section 1203, the Trustee has no authority to pursue the preference claims

2

against Amegy. Finally, Amegy asserts that the Trustee' Objection to the Debtor's exemption does not specifically list the property at issue here as being subject to the Trustee's Objection. Thus, argues Amegy, the Trustee never properly challenged the Debtor's homestead exemption in the property subject to Amegy's potentially preferential lien.

*Discussion*

While the court agrees with Amegy that the Trustee's Motion to Reconsider—filed after the Trustee failed to timely respond to Amegy's Motion to Dismiss—does not satisfy the requirements of either Rule 9023 or Rule 9024 of the Federal Rules of Bankruptcy Procedure governing motions to reconsider, the court will nonetheless address the merits of the Trustee's arguments.

The court acknowledges that in the Memorandum Decision Granting Motion to Dismiss [Docket No. 10], the court failed—in the absence of any party having raised the argument—to examine the language of the plan and confirmation order entered in this case. Notwithstanding this oversight, the court concludes that the language of the plan does not change the outcome here. Section III, paragraph (d)(i) of the Debtor's confirmed plan states as follows:

> d) Nothing in the plan or in the order confirming the plan waives or releases any [sic]
> (i) Any and all causes of actions, whether now known or which becomes known in the future, are preserved for the Chapter 12 Estate, including but not limited to avoidance actions, actions utilizing the powers under 11 U.S.C. 544, causes of action for breach of contracts; collections or liquidation of assets, including the Debtor's interest in any entity including, but not limited to Town Creed Companies, LLC and any other partnerships, LLCs, corporations, etc. Specifically retained and not waived or released are claims that may exist against Amegy Mortgage Company LLC.

While this plan does, indeed, retain the preferential transfer claims against Amegy for the benefit of the estate, nowhere does the plan, either explicitly or impliedly, provide that the Chapter 12 Trustee is authorized to bring such claims on behalf of the estate. This is significant, because the

3

Code provides that, in a Chapter 12 case, it is the debtor-in-possession that has the exclusive authority to bring chapter 5 causes of action. *See* 11 U.S.C. § 1203. That standing is exclusive of the Chapter 12 Trustee unless the Debtor has been removed as the debtor-in-possession for cause under section 1204, or the Trustee has sought authority from the court to limit the Debtor's rights and duties under section 1203. *Hoeger v. Tiegen (In re Tiegen)*, 123 B.R. 887, 888-89 (Bankr. D. Mont. 1991); *Viegelahn v. Amegy Mortgage Co. (In re Colvin)*, Case No. 12-05018 (Bankr. W.D. Tex. May 22, 2012).

Section 1207 provides that "[e]xcept as provided in section 1204, a confirmed plan, or an order confirming a plan, the debtor shall remain in possession of all property of the estate." 11 U.S.C. § 1207. Since neither the Debtor's plan nor the order confirming the plan provides otherwise, the Debtor has continued as Debtor-in-possession since confirmation. The Trustee's argument that the plan vests the Trustee with standing to pursue the preserved preference claims assumes the opposite. Because the Debtor has remained as Debtor-in-possession post-confirmation, unless and until the Trustee seeks to remove the Debtor as Debtor-in-possession or limit the Debtor's powers,[1] only the Debtor has the authority to pursue the preferential transfer claims at issue here.

Finally, regarding the Trustee's argument that the Debtor's exemption in the subject property (the 23.1 acres with respect to which Amegy claims a lien) remains unsettled, the court, after examining the Trustee's Objection to the Debtor's exemptions, finds as follows: while the Trustee's Objection does specifically identify the 23.1 acres as being part of the Debtor's claimed homestead exemption, the substance of the Objection relates to two other properties the Trustee maintains may not be exempted as homestead property because they are not contiguous with the Debtor's exempt residential homestead property (which residence includes the 23.1

---

[1] And the court leaves that door open to the Trustee here.

4

acres at issue here). The Agreed Order Abating Exemptions [Docket No. 144] simply "abates" the objections on file until the case is converted to Chapter 7 or the plan is modified to pay less than 100% of allowed claims. In short, the Trustee's Objection to Exemption does not challenge the exempt homestead character of the 23.1 acres.

In denying the motion to reconsider, the court understands that the adversary proceeding would thus stand as dismissed. As the dismissal is only for lack of standing, it is not a dismissal on the merits. Thus, the adversary is dismissed without prejudice to refiling by a party with standing.

For the reasons stated above, the Trustee's Motion to Reconsider [Docket No. 16] is hereby DENIED. An Order reflecting the court's decision will be entered separately.

####